The People, ex rel. H. Delos Johnson, Appellant, *v.* The President and Board of Trustees of the Village of Whitney's Point, Respondent.

The board of trustees of a villlage incorporated under the general act for the incorporation of villages (Chap. 291 of the Laws of 1870 as amended by Chap. 870, Laws of 1871), in laying out a street under the provisions of said act, have no right to change the location of the proposed street from that described in the petition; they are bound to lay it out on the precise line therein designated and follow the precise description contained in the petition. If they vary therefrom the proceedings are void.

*It seems* that if at any time after the presentation of the petition before final action the trustees find it necessary to change the line or route or to take other land not specified in the petition, the proceedings should be abandoned and new proceedings commenced.

The consent of the owner of the land to the change does not validate the proceedings, and he cannot compel the trustees to levy a tax to pay the award made for lands so taken.

(Argued March 11, 1886; decided March 26, 1886.)

Appeal from order of the General Term of the Supreme Court, in the third judicial department, made the first Tuesday of May, 1884, which reversed a judgment in favor of plaintiff, entered upon the report of a referee. (Mem. of decision below, 32 Hun, 508.)

This was a proceeding to compel the defendant by *mandamus* to make an assessment and levy a tax to pay damages

awarded the relator for lands alleged to have been taken for a street in the village of Whitney's Point.

The material facts are stated in the opinion.

*Samuel Hand* for appellant. The owner's consent takes away all objection to proceedings for laying out a road, and that consent may be oral. (*Embury* v. *Connor*, 3 N. Y. 518; *People* v. *Goodwin*, 5 id. 568; *Baker* v. *Brannan*, 6 Hill, 47; *Lee* v. *Tillotson*, 24 Wend. 337; *People* v. *Murray*, 5 Hill, 472; *Buell* v. *Trustees of Lockport*, 3 N. Y. 197; *Dyckman* v. *Mayor of New York*, 5 id. 434; *Matter of Cooper*, 93 id. 507, 512; *Porter* v. *Purdy*, 29 id. 106.) The objection of want of notice is personal, and any owner may waive it. Johnson could not plead want of notice to others to avoid the proceedings as to him, neither can defendants. (*Buell* v. *Lockport*, 3 N. Y. 197; *Snyder* v. *Trumpbour*, 38 id. 355, 361; *Snyder* v. *Plass*, 28 id. 465, 479; *Porter* v. *Purdy*, 29 id. 106; *McCarthy* v. *Whalen*, 19 Hun, 506–7; *Matter of Cooper*, 93 N. Y. 507.) If the proceeding was one to open the road through Johnson's land, he could not defend by showing the irregularity of the proceedings to take land of another owner, and if he could not, then the converse must be true that the defendants cannot. (*Snyder* v. *Trumpbour*, 38 N. Y. 355, 361; *Snyder* v. *Plass*, 28 id. 465, 479; *Buell* v. *Lockport*, 3 id. 197; 8 id. 55; *Porter* v. *Purdy*, 29 id. 106.) The fact that a road ran through improved lands not described in the petition does not establish a variance sufficient to render the proceedings void. (*Snyder* v. *Trumpbour*, 38 N. Y. 355, 359.) An irregularity as to laying the road over other lands is not an objection for Johnson against the proceedings for laying the road on his lands, and, therefore, cannot affect the proceedings as to him. (*Snyder* v. *Trumpbour*, 38 N. Y. 355, 361; *Snyder* v. *Plass*, 28 id. 465–479; *McCarthy* v. *Whalen*, 19 Hun, 506–7; *Nelson* v. *Eaton*, 26 N. Y. 415; *People* v. *Goodwin*, 5 id. 568.) Had Johnson consented to the laying of the road orally or otherwise he could not raise objections to the proceedings afterward. (*Buell* v. *Lockport*, 8 N. Y. 55–60; 3 id. 197; *Embury* v. *Connor*, id. 518; *Porter* v. *Purdy*,

29 id. 106.) The fact that a road is laid through lands or on a line not described in the petition does not establish a variance sufficient to render the proceedings void, if the variance is without objection from the land-owners, and does not increase the damages. (*Snyder* v. *Trumpbour*, 38 N. Y. 355, 359 ; *Snyder* v. *Plass*, 28 id. 465, 479 ; *Buell* v. *Lockport*, 3 id. 197 ; *McCarthy* v. *Whalen*, 19 Hun, 506–7.) Appealing from an assessment, or bringing suit to recover an award, is a ratification of the prior proceedings, and a consent to the laying of the road. (*Buell* v. *Lockport*, 8 N. Y. 55–60 ; 3 id. 197 ; *Embury* v. *Connor*, id. 518 ; *Bouton* v. *Brooklyn*, 2 Wend. 395 ; *Sherman* v. *McKeon*, 38 N. Y. 266, 274 ; *Dyckman* v. *Mayor of New York*, 5 id. 434.) If the party against whom the proceedings are had waives the irregularity the other party cannot object. (*Porter* v. *Purdy*, 29 N. Y. 106 ; *Buell* v. *Lockport*, 11 Barb. 602 ; *S. C.*, 3 N. Y. 197 ; 8 id. 55, 59 ; *Sherman* v. *McKeon*, 38 id. 266, 275.) Both the trustees and Johnson having appeared before the jury and litigated the question of damages, by so doing waived all previous irregularities, and ratified the previous proceedings. (*Buell* v. *Lockport*, 3 N. Y. 197 ; 8 id. 55–60 ; *Buell* v. *Trustees of Lockport*, 11 Barb. 602 ; *Embury* v. *Connor*, 3 N. Y. 518 ; *Dyckman* v. *Mayor of New York*, 5 id. 434 ; *Sherman* v. *McKeon*, 38 id. 266, 274 ; 93 id. 407, 572.)

*O. W. Chapman* for respondent. As soon as the board of trustees went outside of or beyond their statute authority, in their proceedings to lay out this street, their jurisdiction ceased. (16 Hun, 498 ; affirmed, 78 N. Y. 362 ; 71 id. 309, 313 ; 16 Hun, 500 ; 3 Denio, 595 ; 3 Hill, 458, 460 ; 46 N. Y. 110 ; *Ex parte Clapper*, 3 Hill, 460.) The trustees exceeded their jurisdiction when, by the resolution of July sixth, they changed the center line of the street across Johnson's land to a line different from that described in the petition and notices served and posted. (1 R. S. [7th ed.] 901, 902 ; 2 R. S. 1239, § 59.)

Earl, J. A judgment was entered in this action, upon the report of a referee, commanding the defendant to levy and

collect a tax to pay the plaintiff an award made for lands taken for a street, in the village of Whitney's Point. The defendants refused to levy a tax to pay the award, upon the ground that the proceedings for laying out the street for which the lands were alleged to have been taken were illegal and wholly void, so that no obligation to pay the award was ever imposed upon the village. The General Term sustained the contention of the defendants, and reversed the judgment of the referee, holding that the proceedings for laying out the street were wholly void for various reasons stated in the opinion there pronounced. We think the judgment was properly reversed, and we base our decision upon a single ground, without considering the others alleged.

The village of Whitney's Point was organized under the general act for the incorporation of villages (Chap. 291, of the Laws of 1870). It is provided in section 1 of title 7 of that act, as amended by chapter 870 of the Laws of 1871, that the trustees of the village shall have power to lay out streets; that for that purpose they may take and appropriate any lands; but that no street shall be opened unless all claims for damages on account of such opening shall be released without remuneration, except on the written petition of at least ten freeholders, residing in the village, which petition shall specify the improvment to be made, describe the land to be taken, and state the owner or owners thereof; that on the presentation of such petition the trustees shall meet and examine the same, and if they decide the improvement shall be made, that they shall so decide by resolution, to be entered in the minutes of the board; that they shall thereupon post up in five public places in the village a correct description of the lands to be taken to make such improvement, and a notice that the trustees, at a place and time therein specified, will meet and hear any objections that may be made to the taking of such lands or making such improvement, a copy of which notice must be served on the owner or owners of such lands, at least five days before such meeting, unless the owner is a non-resident of the village; but any person interested may be heard and introduce testimony before

the board of trustees as to the matter on the day specified in the notice, or on such other days as the board may appoint; that after such hearing the trustees may deny the petition, or approve and declare by resolution, to be entered in their minutes, their intention to make said improvements and proceed to obtain possession of the land described in the manner provided by the act.

The last two courses of the center line of this street as described in the petition are as follows: " running easterly, six rods or thereabouts to Jabez Johnson's land ; thence southerly, fifty-seven rods or thereabouts to Main street in said village, about twenty feet west of said Johnson's house." In the notice posted and given by the trustees, the street is described in the same way. In laying out the street the last line, at its northerly end, was moved one rod further to the east, and the two last lines of the street, as finally laid out, are as follows : " running easterly six rods or thereabouts, to a point one rod east of the east line of said railroad company's land; thence southerly fifty-seven rods or thereabouts, in a straight course to Main street in said village, at a point twenty feet west of Jabez Johnson's house on Main street." This last line was purposely changed by the trustees after the hearing provided for in the notices given by them ; and the street as finally laid out takes more land from Johnson and less land from the railroad company.

We think the trustees had no power to make this change. They were bound to lay out the street upon the precise line designated in the petition. The petition was required to describe the lands to be taken ; the notices which the trustees were to post and serve were required to contain a correct description of the lands ; and the notices were to state that at a particular time the trustees would meet to hear objections to the taking of such lands. The object of the hearing was, not to determine the line or route of the street, but to determine whether or not the petition should be granted ; and after the hearing, the trustees could deny the petition or declare by resolution their determination to make the improvement and proceed to obtain possession of the lands described. If, upon the

hearing, or at any time after presentation of the petition before final action thereon and before the road was actually laid out, the trustees found it was necessary to change the line or route or to take other land not specified in the petition, then the proceedings should have been abandoned, and a new petition filed, and proceedings commenced *de novo*. It is true that the variation here is not great; but if a change in the center line of the road for one rod can be justified, if the trustees had jurisdiction to make such change, then it is difficult to perceive how their power could be limited. They might change the road for two rods or three rods, and thus take lands not described in the petition or in the notice which they were required to give, and the only limitation upon their power would probably be that they were to lay the street in substantially the same direction as that mentioned in the petition, and through the same lands. We think the safer and better rule, the application and operation of which can cause no great inconvenience or embarrassment, is to hold that the trustees in such cases must follow the precise description contained in the petition.

It matters not that Johnson, the owner of the land, consented to this change in the line of the street through his land. He is not the only person interested. The change increases the amount of land to be taken from him and might have enhanced the expense of the street. It is a question of power and jurisdiction. If this street was not legally laid out, if Johnson's land was not legally taken, if the entire proceeding was void, and the statute was so far departed from as to deprive the trustees of jurisdiction, then any tax payer could raise the objection when it was attempted to levy a tax to pay the awards made for the land taken; and the trustees could not be compelled to levy and pay a tax which the tax payers could not be compelled to pay, and which they could not enforce.

We are, therefore, of opinion that the order of the General Term should be affirmed, and judgment absolute rendered for the defendants, with costs.

All concur.

Order affirmed and judgment accordingly.