satisfaction and discharge of all claims and demands of said plaintiff against said defendant.

"Wherefore said defendant demands judgment that said complaint be dismissed, with costs."

*L. A. Lockwood*, for the appellant.

*Lyon & Smith*, for the respondent.

PRATT, J.:

The order must be affirmed, with ten dollars costs to abide the event.

DYKMAN and CULLEN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Petition of THE BROOKLYN ELEVATED RAILROAD COMPANY, Respondent, *v.* JOHN S. NAGEL and Others, Appellants.

*Condemnation proceedings — including in the same proceeding various premises of various owners — power of the court to sever the cases — description of easements — disregard of a requirement of the commissioners as to the laying of railroad tracks.*

Easements sought to be acquired in condemnation proceedings, which are designated in the petition as those "which now are or may be the subject of injury from a construction of said railroad or incidental to its use," are sufficiently described.

If it be irregular to join the lands of different owners in a single petition, it is within the power of the court to sever the cases, and the entry of an order or judgment in a particular case is, in fact, a severance.

Where a railroad company was required by commissioners in condemnation proceedings to lay its track or tracks as far from the house line as the method of
construction would permit, a reasonable discretion is given to the company as
to the location of its tracks, and where the method of construction adopted
enabled such company to use lighter transverse girders than if the tracks had
been placed in the center of the street, the fact that the tracks are not laid as
close together, and, therefore, as far distant from the house line as was physically possible, is not contrary to the requirements of such commissioners.

APPEAL by the defendants, John S. Nagel and others, from an
order of the Supreme Court, made at the Kings County Special
Term and entered in the office of the clerk of the county of Kings
on the 8th day of September, 1893, adjudging that the condemnation
of certain real property was required for the public use and appointing commissioners of appraisal.

*Raphael J. Moses,* for the appellants.

*Wm. N. Cohen,* for the respondent.

CULLEN, J. :

This is an appeal from an order made at Special Term condemning
the easement appurtenant to defendants' premises, invaded or taken
by the construction and operation of petitioner's elevated railroad.
An answer was interposed, testimony taken, and thereafter the
application granted. Many objections are made to granting the
application, some of which only it is necessary to notice. *The
Matter of the Union Elevated Railroad Company* (112 N. Y. 61)
is conclusive as to the validity of the franchise of the lessor of the
petitioner to build and maintain its road. The power of the lessor
company to lease its road is settled by authority. ( *Woodruff* v.
*Erie Railway Co.,* 93 N. Y. 616 ; *Beveridge* v. *N. Y. Elevated
R. R. Co.,* 112 id. 1.)

As to the practice, it has been the common custom since the General Railroad Act of 1850 (Chap. 140) for the petitioner in condemnation proceedings to include in its petition many pieces of land, the
properties of different owners. The practice has many advantages;
the presentation of all objections at the same time, the appointment of
a single set of commissioners to act in the whole class of cases. The
practice has been so common that it should not be condemned unless
there is some substantial objection to it. Any party can file his

answer, and as to such party it is from that time in substance a separate action. If it be irregular to join the lands of different owners in a single petition it is within the power of the court to sever the cases, and the entry of an order or judgment in a particular case is, in fact, a severance. The objection to the description in the petition of the easements sought to be acquired is not well taken. We do not see how they could be well described otherwise than as they are described, " which now are or may be the subject of injury from a construction of said railroad or incidental to its use."

The last objection is as to the structure and the location of the tracks thereon. If there were any dispute of the facts on this question some of the rulings of the court on the trial would be questionable. But there is no dispute. Plainly, the tracks are not as close together, and, therefore, as far distant from the house lines as is physically possible. The requirement on this subject by the commissioners is, " the track or tracks shall be laid as far from the house line as the method of construction will permit." This left a reasonable discretion in the company as to the location of the tracks. The method adopted doubtless did enable the company to use lighter transverse girders than if the tracks had been placed in the center of the street. But this was the method of construction adopted by the company, and, we think, within its power. Had the commissioners intended to prescribe the rule that the tracks should be contiguous, with space between simply for cars to pass, we think that it would have been so stated.

The order appealed from should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with costs.