(117 App. Div. 305)

UNITED TRACTION CO. v. FERGUSON CONTRACTING CO. et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

1. EMINENT DOMAIN—APPROPRIATING LAND FOR CANAL.

Laws 1903, p. 337, c. 147, § 4, provides that the state engineer may enter on and take possession of and use lands the appropriation of which, for improvement of state canals, shall in his judgment be necessary; that he shall make a survey and map of such lands, and certify that they have been appropriated for such use; that the map, survey, and certificate shall be filed in his office, and duplicates in the office of the superintendent of public works; that such superintendent shall then serve on the owner of the land so appropriated notice of such filing; that from the time of the service of such notice the entry on and appropriation by the state of such land for such improvement; shall be deemed complete, and such notice shall be conclusive evidence of such entry and appropriation; and that the Court of Claims shall have jurisdiction to determine the amount of compensation for the land appropriated. *Held*, that the filing of the map, survey, and certificate, and the giving of such notice, are essential for an appropriation which will authorize the land to be entered on and used for the canal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 161.]

2. INJUNCTION—RIGHT OF LESSEE AGAINST TRESPASSER.

    The lessee of the structures, rights, and franchises of a street railroad, being liable to the lessor for injury thereof, may, even if his interest be only personalty, maintain injunction against an unauthorized entry on the land and injury of the structures.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 77.]

Appeal from Special Term, Saratoga County.

Action by the United Traction Company against the Ferguson Contracting Company and others. From a judgment sustaining demurrers of defendants Wood and Hamilton to the complaint, plaintiff appeals. Reversed.

The defendants are constructing the barge canal under a contract with the state, made in pursuance of chapter 147, p. 332, of the Laws of 1903. The line of the canal thus to be constructed extends across Saratoga avenue, in the village of Waterford. The complainant alleges that the defendants have constructed the canal up to the east and the west sides of said Saratoga avenue, and are about to excavate through Saratoga avenue, in said village of Waterford, a canal ditch 30 feet deep and 100 feet wide, and, further, "that no proceeding of any kind has been taken or any notice served, by the state or by any of its officers, to appropriate any part of the said railroad, or any property or property rights connected therewith, on said Saratoga avenue, for canal purposes, or for any other purpose."

The plaintiff is operating an electric trolley line upon and over Saratoga avenue at the point in question. It is operating this line as the lessee of the Troy & Lansingburgh Railroad Company of all the structures, rights, and franchises of said company. The said Troy & Lansingburgh Railroad Company was itself the lessee of such structures, rights, and franchises from the Waterford & Cohoes Railroad Company, which is the owner of such structures and the original grantee of the rights and franchises necessary for the construction thereof. The relief sought is a permanent injunction restraining the defendants from entering upon the said Saratoga avenue and excavating the same, or in any way interfering with the structures or rights of the plaintiff.

The defendants Wood and Hamilton demurred to the complaint for insufficiency. This demurrer was sustained at the Special Term, and the interlocutory judgment entered from which this appeal was taken. Further facts appear in the opinion.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Patrick C. Dugan (Lewis E. Carr, of counsel), for appellant.

Edgar T. Brackett (William S. Ostrander, of counsel), for respondent.

SMITH, J. Chapter 147, p. 332, of the Laws of 1903, makes provision for the improvement of the Erie Canal. This improvement contemplates in some places a variation from the line of the canal as it now exists, requiring the appropriation of new and additional land. By section 4 of that act it is provided that the state engineer may enter upon and take possession of and use "lands, structures and waters, the appropriation of which for the use of the improved canals and for the purposes of the work and improvement authorized by this act, shall in his judgment be necessary." He is required to make an accurate survey and map of all such lands and annex thereto his certificate that the lands therein described have been appropriated for the use of the canals of the state. Such map, survey, and certificate

must be filed in the office of the state engineer, and a duplicate copy thereof filed in the office of the superintendent of public works. The superintendent of public works is thereupon required to serve upon the owner of any real property so appropriated a notice of the filing and the date of filing of such map, survey, and certificate in his office, which notice shall also specifically describe that portion of such real estate belonging to such owner which has been so appropriated. It is further provided:

"From the time of the service of such notice, the entry upon and the appropriation by the state of the real property therein described for the purposes of the work and improvement provided for by this act, shall be deemed complete, and such notice so served shall be conclusive evidence of such entry and appropriation and of the quantity and boundaries of the lands appropriated. * * * The Court of Claims shall have jurisdiction to determine the amount of compensation for lands, structures and waters so appropriated."

By section 13 (page 342) of the act the sum of $10,000,000 is appropriated, to be paid upon the presentation of the draft of the superintendent of public works, for work done upon the contracts "or on the presentation of awards by the Court of Claims for compensation for lands appropriated as provided in section 4 of this act or damages caused by the work of improvement hereby authorized." Chapter 335, p. 879, of the Laws of 1904 provides for the appointment of three special examiners and appraisers, whose duty it shall be to agree, if possible, with the owners "of such lands, structures and waters or property rights pertaining thereto," and recites that upon such agreement the Comptroller will pay therefor the sum agreed upon.

In Van Alstine v. Belden, 41 App. Div. 123, 58 N. Y. Supp. 521, it is held:

"Where a contractor, engaged in improving the Erie Canal under a contract with the state of New York, piles earth upon private land adjacent to the canal, which the state has taken no proceedings to appropriate, the contractor, and not the state, is liable for the trespass."

In that case is construed section 70, c. 338, p. 635, of the Laws of 1894, which is precisely similar as to the mode of acquiring property as the act here in question. The opinion in part reads:

"This brief epitome of two or three of the several enactments relating to the accession of lands for canal purposes shows the trend of the Legislature has been to place in definite, systematic shape the method to be pursued in making the appropriation. In the first place, the power was vested in the canal commissioners, without any restriction as to the form in which they exercised that power. Their ipse dixit seemed to be all that was essential. Later, in the development of the method of acquiring these lands, the Legislature required the making of a survey and the filing of a map of the lands to be appropriated, and the service of a notice containing a description of them upon the owner or occupant, as a prerequisite to the appropriation of the lands. This method relieved the state from liability arising from the acts of irresponsible contractors and assumed agents, and assured the owner the state was to award compensation for the lands taken. The drift of this legislation is to fix liability upon the state when these preliminaries have been accomplished. Hayden v. State, 132 N. Y. 533, 30 N. E. 961; Yaw v. State, 127 N. Y. 190, 27 N. E. 829; City of Syracuse v. Stacey, 86 Hun, 441, 33 N. Y. Supp. 929; Waller v. State, 144 N. Y. 579, 39 N. E. 680; Matter of St. L. & A. R. R. Co., 133 N. Y. 270, 31 N. E. 218."

The judgment of the Appellate Division in this case was affirmed in the Court of Appeals upon the opinion from which quotation is made. Van Alstine v. Belden, 161 N. Y. 661, 57 N. E. 1127. It would seem, therefore, that any entry upon the lands upon the street, without the filing of the map, survey, and certificate required by the statute and notice to the owner, would be as to such owner a trespass, for which the state would not in any way be liable, and for which the contractor wrongfully entering upon such land could alone be held liable. It is urged by the respondent here that this action is not brought by the owner of the land or structures, but only by a lessee for years of an interest in the land and structures, and that such an interest in the land is personal property, and for the acquisition thereof no notice is necessary under section 4 of the act of 1903 cited; that under section 13 of said act this plaintiff can recover its damages through the Court of Claims. If, however, the method of acquiring the land by the survey and certificate and notice be for the purpose of relieving the state "from liability arising from the acts of irresponsible contractors and assumed agents," as stated by Justice Spring in the Van Alstine Case, supra, and the state is not liable for trespass to the owners of the land, it is difficult to see how the state could be made liable for the destruction of personal property while trespassing upon lands which the state had not acquired in the mode prescribed by the statute. If we assume, for the argument, that the notice required to be given by the superintendent of public works is to be given only to the owner of the property, and need not be given to a lessee for a term of years in possession of the property, nevertheless this lessee for a term of years, in possession of structures which he is bound under the lease to return in as good condition as when taken under the lease, would seem to have a clear right to enjoin an entry without lawful right as against the owner, which must result in inevitable damage to the structures leased. The state itself cannot appropriate personal property without a provision for compensation. The only authority for the appropriation of personal property is the implied authority found in section 13 of the act, which impliedly gives to the Court of Claims jurisdiction to determine damages caused by the construction and improvement of the canal. Whether this leasehold interest be real or personal property, it is sufficient interest to authorize an action of replevin brought by the lessee against a wrongdoer taking the property, or an action of trespass by the lessee against one doing damage, and in such action the lessee may recover, not only the injury to his leasehold right, but also to the remainder. Cook v. Champlain Transportation Company, 1 Denio (N. Y.) 92, 104; Baker v. Hart, 123 N. Y. 473, 25 N. E. 948, 12 L. R. A. 60; Dix v. Jaquay, 94 App. Div. 555, 88 N. Y. Supp. 228. In these cases it is held that a tenant for life or for years is liable to the remainderman for all damage sustained by trespass, even by a stranger, and in an action for damages may recover for the whole injury to the remainder estate, even though no injury was suffered to the estate in tenancy. With the liability held in the above cases to rest upon the tenant rests the correlative right, not only to recover in trespass for damage actual-

ly committed, but to prevent by injunction damage threatened. Irrespective, then, of the plaintiff's rights in the street itself as the lessee of structures thereupon, with liability for their destruction, it had the right to ask the court for its injunction preventing the unlawful entry by defendant upon the land in question and the destruction of those structures. The complaint stated a good cause of action, therefore.

The interlocutory judgment should be reversed, with costs, and the demurrer overruled, with leave to the defendants to answer upon payment of costs of the demurrer and of this appeal. All concur.

PARKER, P. J., not voting, not being a member of this court at the time this decision is handed down.