THE BELL TELEPHONE COMPANY OF BUFFALO, Respondent, *v.* ALBERT H. PARKER et al., Appellants.

1. CONDEMNATION PROCEEDINGS — OBJECTION BY PROPERTY OWNER. While there is no specific provision in the Condemnation Law (Code Civ. Pro. § 3357 *et seq.*) for questioning the sufficiency of a petition in condemnation proceedings by objection on the part of the property owner, such method of procedure has been sanctioned by the courts for many years.

2. PROPERTY OR INTEREST TO BE CONDEMNED MUST BE ACCURATELY DESCRIBED IN PETITION. It is not enough in a proceeding to condemn an interest in land for public purposes to describe the interest sought to be acquired so vaguely as to leave it dependent upon the undisclosed opinion of the condemning party as to the quantum of the interest which it may be deemed necessary to take.

3. SAME — TELEPHONE LINE — PROCEEDING TO ACQUIRE RIGHT TO TRIM TREES IN ORDER TO PROTECT LINE FROM INTERFERENCE — WHEN PETITION INSUFFICIENT. Where a petition in condemnation proceedings, instituted to acquire title to certain property, describes the property to be taken as "an easement or right of way for the erection, maintenance and operation of a line of telephone, said line to consist of " a designated number of poles, to be set at designated places, with the right to attach the necessary wires or cables thereto, "and with the right to trim such trees as may be necessary to protect said line from interference," the petition is insufficient because it fails to describe the property, rights and ease-

ments sought to be acquired with sufficient particularity to be a compliance with the provisions of the Condemnation Law (Code Civ. Pro. § 3360, sub. 2), in that it is not sufficiently specific in stating the extent of the right which the petitioner desires to acquire "to trim such trees as may be necessary to protect said line from interference;" since the precise distance to which such trees must be trimmed to maintain the safety of the line should be stated in the petition in order that the property owner may be informed in advance as to the extent of the interest which the condemning party seeks to acquire, and in order that the commissioners may be similarly guided in measuring their award.

*Bell Telephone Co.* v. *Parker*, 115 App. Div. 920, reversed.

(Argued January 11, 1907; decided January 29, 1907.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 10, 1906, which reversed an order of Special Term sustaining objections to the sufficiency of a petition in condemnation proceedings.

This is a special proceeding by a domestic telephone company under the Condemnation Law (Title 1 of chap. 23 of the Code of Civil Procedure) to acquire title to certain property of the defendants, which is described in the petition as follows: "An easement or right of way for the erection, maintenance and operation of a line of telephone through the public highway situate in the town of Pittsford, Monroe County, New York, commonly known as the Pittsford and Lima Road, which said highway passes through the premises hereinafter referred to; said line to consist of eight (8) poles, twenty-eight (28) feet, or thereabouts, above the surface of the ground, with seven (7) cross-arms each ten (10) feet in length, the lowest of said cross-arms to be at least eighteen (18) feet above the surface of the ground and each of said poles to be twelve (12) inches, or thereabouts, in diameter at the bottom and from six (6) to eight (8) inches in diameter at the top; with the right to trim such trees as may be necessary to protect said line from interference; with the right to attach the necessary wires or cables thereto. Said poles to be set at the places indicated on the annexed map which is hereby referred to and made a part of this petition."

A map was attached to the petition showing the points at which it was proposed to erect the telephone poles.

Objections were interposed in behalf of the defendants to the sufficiency of the petition, and upon a hearing at a Special Term of the Supreme Court in Monroe county the objections were sustained, with leave, however, to the plaintiff to serve an amended petition. The objections are not specifically set out in the appeal book, but it is apparent from the memorandum of decision filed at the Special Term, as well as from the order of the Appellate Division permitting the appeal, that the petition was adjudged insufficient because it did not contain a "specific description of the property to be condemned, and its location, by metes and bounds, with reasonable certainty," as prescribed by the Condemnation Law (Code Civ. Pro. § 3360, sub. 2).

Upon appeal to the Appellate Division the order of the Special Term was reversed without opinion, and the Appellate Division has certified the following questions to this court:

"*First.* Does the petition in this proceeding sufficiently describe the property, right, interest or easement sought to be taken, to warrant a judgment of the court to be entered thereon, adjudging that the plaintiff in said proceeding has the right to the appointment of appraisers to determine the damages that should be awarded to the plaintiff?"

"*Second.* Does the petition in this proceeding describe the property, right and easements sought to be acquired with sufficient particularity to be a compliance with the Condemnation Law and other statutes of the State of New York?"

*John D. Lynn* for appellants. The description of the property sought to be taken is not sufficiently definite to authorize judgment in condemnation proceedings. (*S. C. T. Co.* v. *Gammons,* 113 App. Div. 766.) The petition must contain "a specific description of the property to be condemned and its location by metes and bounds with reasonable certainty." (Code Civ. Pro. §§ 3360, 3369, 3370.) This description is

insufficient to confer jurisdiction upon the court.    The owner
is entitled to have an accurate, definite description of the
amount of property he is to lose in this transaction, and noth-
ing must be left open to the judgment or interpretation of
some other, not even of a court.    (*S. R. R. Co.* v. *Slade*, 36
App. Div. 587; *M. R. R. Co.* v. *Dominick*, 55 Hun, 198;
*City of Syracuse* v. *Stacy*, 86 Hun, 441; *Matter of City of
Buffalo*, 78 N. Y. 362; *Vandermullen* v. *Vandermullen*, 108
N. Y. 195; *Schneider* v. *Rochester*, 160 N. Y. 165; *Johnson*
v. *Village of Whitney Point*, 102 N. Y. 81; *People* v.
*Hynds*, 30 N. Y. 470; *Matter of Water Comrs.*, 96 N. Y.
360.)

*John A. Barhite* for respondent.    The plaintiff has the
right in its petition to adopt the language of the statute and
have the allegations in the petition liberally construed.    (*R.
R. Co.* v. *Robinson*, 133 N. Y. 242; *Matter of Met. El. R.
R. Co.*, 12 N. Y. Supp. 506; *Satterly* v. *Winne*, 101 N. Y.
218.)

Willard Bartlett, J.    The learned judge who heard
this case at Special Term expressed the opinion that the peti-
tion ought to contain a more accurate description of the prop-
erty sought to be taken, saying: " Shade trees might be
trimmed to make way for wires in such a manner that the
damage would be very slight; on the other hand, they might
be so mutilated that the damage would be very great.    By
showing the location of the poles with the position of the
crossarms, which it is proposed to place thereon, it may be
ascertained, with reasonable certainty, what the damage would
be."    He, therefore, sustained the defendants' objections to
the petition and directed that the petition be amended in this
and such other particulars as counsel for the petitioner might
advise.    There does not appear to be any specific provision in
the Condemnation Law for thus questioning the sufficiency of
a petition in condemnation proceedings by objection on the
part of the property owner; but this method of procedure

has been sanctioned by the courts for many years. (See *Metropolitan Elevated Railway Co.* v. *Dominick*, 55 Hun, 198.)

I think the description of the property sought to be condemned in this proceeding complies with the requirements of the statute in all respects save one; but that it is not sufficiently specific in stating the extent of the right which the petitioner desires to acquire "to trim such trees as may be necessary to protect said line from interference."

The command of the Condemnation Law is that the petition shall contain "A specific description of the property to be condemned, and its location, by metes and bounds, with reasonable certainty." In the view of the law the condemnation proceeding, when carried to a conclusion favorable to the plaintiff, operates as a purchase of the land or an interest therein for the sum fixed by the commissioners. (*Vandermulen* v. *Vandermulen*, 108 N. Y. 195, 201.) The stringent character of the power of eminent domain demands that the methods of procedure prescribed for its exercise shall be strictly if not inflexibly followed. (*Schneider* v. *City of Rochester*, 160 N. Y. 165.) The only property which can lawfully be taken is the precise property designated in the petition. (*People ex rel. Johnson* v. *President, etc., of the Village of Whitney's Point*, 102 N. Y. 81.) The property or interest to be acquired must be ascertainable from the description thereof in the petition itself without reference to extrinsic facts. "Without this the owner of land cannot know what portion of his lands is required ; nor the commissioners what damages to appraise ; nor the petitioner the precise boundaries of the land after the same is acquired." (*Matter of N. Y. C. & H. R. R. R. Co.*, 70 N. Y. 191.) Extreme accuracy should be exacted in proceedings of this character in order to safeguard the rights of all concerned. "There must be no uncertainty in the description of the property to be taken nor in the degree of interest to be acquired." (*Matter of Water Commissioners of Amsterdam*, 96 N. Y. 351.)

It seems to me that these well-established rules of law

would be disregarded if it were to be held in a condemnation proceeding to acquire property for the construction of a telephone line, that it was sufficient to describe the proposed interference with growing trees upon the premises of the landowner merely as " the right to trim such trees *as may be necessary* to protect said line from interference." Such a statement conveys no idea of the extent of the contemplated invasion. In the present proceeding, while the location of the poles and the situation of the crossbars thereon would give the property owner all needful information as to the proximity of the poles to the trees along the route, he would be left wholly in the dark as to the distance which the telephone company proposed to maintain between the wires and any portion of such trees as " necessary to protect said line from interference." He might suppose, for example, that if a tree was so trimmed that no branches should approach within a foot of the line, the safety of the line would be maintained, whereas, on the other hand, the officers of the telephone company might insist that it was essential to safety to trim away a tree so that no part of it should be nearer than five feet or ten feet from the line. The precise distance which the condemning party deems necessary to maintain the safety of the line must be actually known to the officers or engineers of this telephone corporation. That distance will have to be disclosed to the commissioners in order to enable them justly and fairly to assess the damage sustained by the property owner; and it should be stated in the petition in order that the property owner may be informed in advance as to the extent of the interest which the condemning party seeks to acquire, and in order that the commissioners may be similarly guided in measuring their award. It is not enough in a proceeding to condemn an interest in land for public purposes to describe the interest sought to be acquired so vaguely as to leave it dependent upon the undisclosed opinion of the condemning party as to the quantum of the interest which it may be deemed necessary to take. This view is sustained by the decision of this court in

*People ex rel. Eckerson* v. *Trustees of Vil. of Haverstraw* (137 N. Y. 88), which was a proceeding to lay out a street in the village of Haverstraw, instituted upon a petition which asked that a street be laid out over the lands of certain persons named therein, " and upon lands included and forming part of Rockland Street or so much thereof as may be necessary " to form a connection between the north end of Rockland street and another designated street. The jury which assessed the damages determined that ninety feet of land were necessary to make the prescribed connection and based their award upon that determination. It was held that they had no power to do this, being limited to the exercise of but one function, which was to ascertain the damages sustained by the landowners whose lands should be taken; and the entire proceeding was set aside, notwithstanding the fact that counsel for the village trustees in the course of the hearing before the jury limited the claim of the village to a strip of land only ninety feet in length. The case is similar in principle to *Hayden* v. *State of N. Y.* (132 N. Y. 533), which involved a question whether the state under a resolution of the canal board had acquired all of the water of Owasco creek. The resolution declared that the map for the permanent appropriation of the Port Byron water power on the Owasco outlet for the feeder to the Erie canal submitted by the state engineer and surveyor " is hereby approved, and the water and lands necessary for said feeder are hereby permanently appropriated." The court held that inasmuch as the resolution did not state that *all* of the water of the outlet or that any particular quantity or part of it was appropriated, the description was too indefinite to effect a legal appropriation. " To make a legal and permanent appropriation of land or water for the use of a canal," said Chief Judge FOLLETT, " the quantity must be definitely ascertained and described, so that the owner may know how much he has lost and what he is entitled to be compensated for." So in the case at bar, to legally condemn any portion of the defendants' trees in the vicinage of the plaintiff's telephone line the degree of proximity requisite to

20

authorize the removal of any part of such trees must be definitely ascertained and described in the petition before the plaintiff should be allowed to go on with its condemnation proceedings.

This rule is so obviously consonant with the requirements of fairness and justice that we should not hesitate to adopt it unless otherwise constrained by controlling authority. I find no such authority in the cases cited in behalf of the respondent. No question as to the sufficiency of the description of the property sought to be taken was involved in *Rochester Ry. Co.* v. *Robinson* (133 N. Y. 242). The case of *Satterly* v. *Winne* (101 N. Y. 218) was a statutory proceeding to lay out a private road, where it was held that exact and technical accuracy was not required, but merely a substantial compliance with the statute, and that a description was sufficiently definite which referred to a private way used by permission of the owner of the land for so great a number of years that it had come to be called a road. In *Brooklyn Elev. R. R. Co.* v. *Nagel* (75 Hun, 590; affirmed without opinion in 150 N. Y. 562) Mr. Justice CULLEN did express the opinion that a description in the petition of the easements sought to be acquired was sufficient, assuming that they were described as easements " which now are or may be the subject of injury from a construction of said railway or incidental to its use." In the language thus quoted, however, I do not understand the words " may be " to mean " may hereafter become;" but in any event an examination of the record on appeal in that case shows that the phraseology of the petition must have been inadvertently misquoted, and that the easements therein described as those which the petitioner sought to acquire were thus stated: " The easements of light, air, access and any other right, title or interest whatsoever as abutting owners or otherwise *which may now be* the subject of injury or inconvenience resulting from the structure of the said railroad or incidental to its use." (Court of Appeals Cases, vol. 46.) This extract from the petition shows that the easements, the acquisition of which was sought by

the petitioning corporation, were merely those which had already actually been invaded by its existing elevated structure.

The order of the Appellate Division appealed from should be reversed and that of the Special Term affirmed, with costs in both courts, and both questions certified should be answered in the negative.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and HISCOCK, JJ., concur.

Order reversed, etc.