(145 App. Div. 893.)

### DELAWARE & OTSEGO LIGHT & POWER CO. v. MARTIN et al.

(Supreme Court, Appellate Division, Third Department.   May 3, 1911.)

Appeal from Special Term, Delaware County.

Action by the Delaware & Otsego Light & Power Company against Maud Martin and others. From an order of the Special Term denying petitioner's motion for appointment of commissioners in condemnation proceedings, petitioner appeals. Order reversed, and case remanded.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

C. L. Andrus, for appellant.
L. F. Raymond, for respondents Martin and Case.
Alva Seybolt, for respondent, Lloyd.

PER CURIAM.  Order reversed, and matter remitted to the Special Term, on the ground that the petition is regular on its face and shows that the fee of the land is sought to be condemned.

BETTS, J. (dissenting).  In this case the petition set forth in substance that the petitioner was engaged in furnishing light and power to the village of Franklin and to the village of Otsego and adjacent territory; that it had a dam constructed across a stream known as the Ouleout in the town of Sidney; that the following is a specific description of the property to be condemned, and its location by metes and bounds with reasonable certainty; and then follows by metes and bounds the description of 18.71 acres, more or less.  The petition, continuing, states that plaintiff has a contract with these two villages for the lighting of the streets and public buildings of each with electricity, that the property described in the petition—

"is required by the plaintiff herein in the construction and operation of its dam by which its power is furnished and for storage of the necessary water for said dam and to supply said power, and which said premises or substantially the whole thereof will be flooded by the waters in said dam * * * when and at all times that said dam is full, and that the necessary dam to furnish power for the plaintiff and the operation of its business will impound the waters of the stream aforesaid and set the same back to and over and upon the premises aforesaid; and the proper construction and operation of the plaintiff's said power requires the flooding of the said premises to furnish the proper and necessary storage of water for the plaintiff's uses aforesaid, and to enable the plaintiff properly to meet the demands of the public served by it in the conduct and management of its business, and in general to render its facilities for the manufacture and production of electricity adequate to the necessities and requirements of the public served by the said plaintiff, the acquisition of the said property is necessary."

It further states that said lands are contiguous and adjacent to other property used by it in the operation of its business, and also:

"Fifth. That the plaintiff has been unable to agree with the owners of said property for the purchase of said lands required for such purposes for the reason that said defendants have refused to sell the said property at its fair and reasonable value.  That the plaintiff has endeavored in good faith to agree with the owners or persons interested therein, or having care or direction of the same as to the amount of compensation to be paid them for said lands, and has been unable to do so owing to the excessive price demanded by said defendants.

"Sixth. That the value of the property to be condemned and hereinbefore described does not exceed the sum of $250.

"Seventh. That it is the intention of the plaintiff in good faith to operate its said plant, and that said plaintiff is at present operating the same, and in such operation necessarily floods the premises aforesaid or the greater part thereof, and the plaintiff has taken all the preliminary steps required by law to entitle it to institute this proceeding."

Whereupon it asks that condemnation commissioners be appointed.

Two of the defendants answer, admitting petitioner's inability to agree with the owners of said property for the purchase of the lands described, and a denial of most of the other statements of the petition.

The motion upon said petition came on before Justice Gladding, whereupon the property owners appeared, and upon their motion the application for the appointment of commissioners was denied, with costs, and from that order the petitioner appeals to this court.

The landowners here, the respondents, object to the petition for several reasons; but I think that the important objection is whether the plaintiff's petition sets forth a specific description of the property to be condemned—that is, by stating the interest to be acquired. The petition is made under the general condemnation law, and the requirements of the petition are stated in section 3360 of the Code of Civil Procedure, which, so far as is necessary is as follows:

"The proceeding shall be instituted by the presentation of a petition by the plaintiff to the Supreme Court, setting forth the following facts: * * * (2) A specific description of the property to be condemned, and its location, by metes and bounds, with reasonable certainty."

The property is sufficiently located by metes and bounds, and the question is whether there is a sufficient description of the interest to be taken? The defendants complain that they do not know whether the interest sought is the fee of the property, or an easement or right of flowage or flooding the land. The defendants aver that this is of importance to them, as they own adjacent lands which are fine pasture and meadow lands, and access by the landowners' cattle to the waters of this creek and the reservoir would become a very important matter to them. On the contary, if the fee is to be taken, with the right to fence out the portion for the reservoir from the remaining lands, the loss to the landowners and the remaining property would be more appreciable, and their damage sustained would be greater.

In Matter of Water Commissioners of Amsterdam, 96 N. Y. 351, there was an uncertainty as to what interest was required to be taken by the city of Amsterdam; the landowner contending that it was a fee, and the city that it was an easement only. The city's contention prevailed before the commissioners and before the Special Term; an award being made for the easement only. The Appellate Division sustained the Special Term, but it was reversed by the Court of Appeals; the case being very well stated in the syllabus, which is as follows:

"A statute authorizing the taking of private property against the owner's consent must be strictly construed; and while the property and the estate to be taken, whether an easement or a fee, and the purpose to which it is to be applied, may be designated in the statute, it must be by unequivocal words, and all the prescribed requirements must be strictly observed."

In the case of Bell Telephone Co. of Buffalo v. Parker, 187 N. Y. 299, 79 N. E. 1008, the question arose whether the petition described the property sought to be condemned with sufficient definiteness. The Special Term sustained objections to the sufficiency of the petition. The Appellate Division in the Fourth Judicial Department (101 N. Y. Supp. 1112) reversed the Special Term, and was in turn itself reversed by the Court of Appeals; Judge Bartlett, writing for a unanimous court, holding:

"There does not appear to be any specific provision in the condemnation law for thus questioning the sufficiency of a petition in condemnation pro-

ceedings by objection on the part of the property owner; but this method of procedure has been sanctioned by the courts for many years."

The portion of the petition objected to was as follows:

"And with the right to trim such trees as may be necessary to protect said line from interference."

And the court held:

"The stringent character of the power of eminent domain demands that the methods of procedure prescribed for its exercise shall be strictly, if not inflexibly, followed. The only property which can lawfully be taken is the precise property designated in the petition. The property or interest to be acquired must be ascertainable from the description thereof in the petition itself, without reference to extrinsic facts. Without this the owner of land cannot know what portion of his lands is required; nor the commissioners what damages to appraise; nor the petitioner the precise boundaries of the land after the same is acquired. Extreme accuracy should be exacted in proceedings of this character, in order to safeguard the rights of all concerned. There must be no uncertainty in the description of the property to be taken, nor in the degree of interest to be acquired."

The court thus held that the petition did not set forth the interest required with sufficient clearness. I think, judging by these decisions and the cases quoted in them, that the petition here leaves in doubt whether the petitioning company requires the entire fee of this nearly 19 acres, or whether it desires an easement or right of flooding this land. I can see that it is important to the landowners to know what interest is sought, that they may prepare their claim for damages. The taking of the fee would be of much greater damage to them than the right of flooding this land.

The attorney who argued the appeal for the petitioner stated that what they required was a fee; but, as we have seen, the landowners should be able to glean from the petition the nature and extent of the interest sought.

I recommend that the order of the Special Term be affirmed, with costs and disbursements, with leave to the petitioner to make a new application for the appointment of commissioners upon such papers as he may be advised, in accordance with this memorandum.