JAMES K. FULLER, Respondent, v. THE CITY OF MOUNT VERNON, Appellant.

1. MUNICIPAL CORPORATION — LIABILITY FOR DAMAGES FOR ILLEGAL ALTERATION OF ESTABLISHED GRADE OF STREET. Where a municipality whose charter provides for the alteration of the grade of a street previously established thereunder, and for a method of indemnity to an abutting owner whose building is injured thereby, that method must be deemed exclusive, and if, without conforming thereto, it alters such grade, although such alteration is effected in connection with the paving of the street, the owner may maintain an action at law against it to recover the resulting damages.

2. BENEFITS. Upon the trial of such an action an instruction that the jury should "not take into consideration at all any supposed benefits by reason of the change of grade of the street," and a refusal to charge "that it is necessary for plaintiff to show that he has sustained damages which exceed all benefits received by him" are proper where there is no evidence to show that he derived any benefits from the alteration of grade; any benefits he may have derived from the street having been paved are covered by the assessment therefor, and are not the proper subject of an offset against his damages sustained by the wrongful alteration of grade.

*Fuller* v. *City of Mount Vernon*, 64 App. Div. 621, affirmed.

(Submitted April 11, 1902; decided May 13, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 22, 1901, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

This was an action at law, brought to recover damages inflicted upon the real property of the plaintiff by an alleged illegal change of the grade of Archer avenue in the city of Mount Vernon, upon which the plaintiff's premises abutted.

The plaintiff alleged in his complaint, among other things, that the grade of said avenue was established in or about the year 1892, and that the avenue was used at that grade in 1895 when he built a house upon his abutting premises and graded them to conform to the grade of the avenue as previously established; that in 1900 the defendant wrongfully and with-

out complying with the provisions of its charter relating to
the alteration of grade, so changed the grade of said avenue
as to raise it from one to three feet above that established in
1892, and thereby caused damage to the plaintiff to the
extent of $1,000. The answer contains substantially a gen-
eral denial.

The jury found a verdict in favor of the plaintiff, and the
judgment entered thereon having been unanimously affirmed
by the Appellate Division, the defendant appealed to this
court.

*William J. Marshall* for appellant. The defendant city
carried out the improvement, which it did under sections 180
to 186 of its charter (L. 1892, ch. 182), as it had a perfect
right and power to do. (*Farrington* v. *City of Mount Vernon*,
166 N. Y. 233.) If the legislature had the power to grant
these powers to the city of Mount Vernon, the city of Mount
Vernon had the right and power to act thereunder. (*Koch* v.
*Mayor, etc.*, 152 N. Y. 75.) Section 187 of the defendant's
charter has no application to any case until plaintiff first shows
that he has erected buildings or other structures along a high-
way conforming with an established grade. (*Folmsbee* v.
*City of Amsterdam*, 142 N. Y. 122 ; Dillon on Mun. Corp.
§§ 990, 993 ; *Radcliff* v. *Mayor, etc.*, 4 N. Y. 195 ; *Fitzger-
ald* v. *Quann*, 109 N. Y. 441 ; *Matter of Ehrsam*, 57 App.
Div. 275 ; *Heiser* v. *Mayor, etc.*, 104 N. Y. 72 ; *Calking* v.
*Baldwin*, 4 Wend. 667 ; *Dudley* v. *Mayhew*, 3 N. Y. 9 ; *Smith*
v. *White Plains*, 67 Hun, 81 ; *People* v. *Gilon*, 76 Hun, 346.)
Admitting that the work as done on Archer avenue was not
done under sections 180 to 186 of the charter, but was done
under section 187, that section provides in what way the
damages of the plaintiff should be determined, and, such being
the case, the court had no jurisdiction. (*Heiser* v. *Mayor*,
*etc.*, 104 N. Y. 74 ; *Smith* v. *Vil. of White Plains*, 67 Hun,
81 ; *Matter of Ehrsam*, 37 App. Div. 272 ; *Calking* v.
*Baldwin*, 4 Wend. 667 ; *Dudley* v. *Mayhew*, 3 N. Y. 9 ;
Dillon on Mun. Corp. § 993.) The work done by the

defendant upon Archer avenue was not a regrading. (*Matter of Ehrsam*, 37 App. Div. 275 ; *Farrington* v. *City of Mount Vernon*, 166 N. Y. 233.) The general grade of Archer avenue was not changed, but said avenue was simply brought to grade by this improvement. (*Farrington* v. *City of Mount Vernon*, 166 N. Y. 223 ; *O'Reilly* v. *City of Kingston*, 114 N. Y. 439 ; *Whitmore* v. *Vil. of Tarrytown*, 137 N. Y. 409 ; *Matter of Bissell*, 58 App. Div. 61 ; *People ex rel.* v. *Many*, 89 Hun, 138 ; *Kellar* v. *City of Mount Vernon*, 23 App. Div. 46 ; *Wabash* v. *Alber*, 88 Ind. 428 ; *Macy* v. *City of Indianapolis*, 17 Ind. 267 ; *City of Delphi* v. *Evans*, 36 Ind. 90 ; *City of Terre Haute* v. *Turner*, 36 Ind. 522.) Not only is it necessary for the plaintiff to prove that the "general" grade of Archer avenue has been changed, but he must go further and show that said change is a "material" one. (*O'Reilly* v. *City of Kingston*, 114 N. Y. 439 ; *Whitmore* v. *Vil. of Tarrytown*, 137 N. Y. 409 ; *Matter of Bissell*, 57 App. Div. 61 ; *Farrington* v. *City of Mount Vernon*, 166 N. Y. 233.) With full knowledge of the defendant's proposal plaintiff lies by, waits, suffers an important public improvement to be made, without objection, on the assumption that it does involve a change of grade, until he obtains all the benefit which can arise therefrom and then tries to attempt to collect from the city the damages alleged to have been sustained by him. (*Roberts* v. *Supervisors of Kings*, 3 App. Div. 366 ; *People ex rel.* v. *Many*, 89 Hun, 139.) The burden of proving that buildings or other structures had been erected to conform with an established grade was upon the plaintiff. (*Farrington* v. *City of Mount Vernon*, 166 N. Y. 233.)

*Arthur M. Johnson* for respondent. The questions of fact in this case are not open to review in this court. (Code Civ. Pro. § 191 ; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219 ; *Ayers* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254 ; *Marden* v. *Dorthy*, 160 N. Y. 39 ; *Reed* v. *McCord*, 160 N. Y. 330 ; *Meserole* v. *Hoyt*, 161 N. Y. 59 ; *Lewis* v. *L. I. R. R. Co.*, 162 N. Y. 52 ; *Kleiner* v. *T. A. R. R. Co.*, 162 N. Y. 193.)

The common council was without power to change the grade of Archer avenue, except after compliance with the provisions of section 187 of the charter. (*Archer* v. *City of Mount Vernon*, 63 App. Div. 286.) The work done by the city in the summer and fall of 1900 upon Archer avenue in front of the plaintiff's premises constituted an alteration of the grade of Archer avenue within the meaning of said section 187 of the defendant's charter. (*Hosmer* v. *City of Gloversville*, 27 Misc. Rep. 969.) The common council of the defendant did not comply with the provisions of section 187 of defendant's charter. Therefore, the change of grade upon Archer avenue was illegal and the plaintiff was entitled in this action to recover the damages suffered by him from that cause. (*Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118.) The trial court applied the correct rule of damages. (*Francis* v. *Schoelkopf*, 53 N. Y. 152; *Elwell* v. *Skiddy*, 77 N. Y. 252; *Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118.) The evidence shows conclusively that the plaintiff in this action was not guilty of *laches*, or in any manner estopped to question the jurisdiction of the common council to alter the grade of Archer avenue. (*Matter of Sharp*, 56 N. Y. 257.)

VANN, J. The charter of the defendant confers power upon its common council to establish the grade of streets, highways and sidewalks. (§ 180.) It also authorizes that body "to alter the grade of any street or highway or any part thereof," and provides the method of procedure. This method, among other things, includes the making of a profile showing the intended alteration, filing it with the city clerk and publishing a notice that said profile has been so filed, together with a notice of the intention of the common council "to make such alteration." At any time within one year after the date designated in the notice for the hearing of objections, the common council, by a vote of three-fourths of all its members, may "so alter such grade." If within six weeks after the vote "altering the grade of any street or

highway," the owner of any building shall file with the clerk a claim for damages "arising from such alteration," the common council is required to fix an assessment district and apply to the proper court for the appointment of commissioners "to estimate and assess such damages." (§ 187.) Said section also provides that "No building or other structure shall be deemed to have sustained damage by reason of such alteration of grade, unless such building or structure shall have been built with reference to or to conform with the previously established grade."

Upon the trial the plaintiff read in evidence various resolutions passed by the common council in 1892 and 1893, to establish the grade of Archer avenue, which is a public highway, about 1,500 feet long, with three city blocks on either side. A map or profile was made and filed with the city clerk and a resolution finally adopted establishing the grade of the avenue in accordance therewith. Plans and specifications were prepared to carry the resolution into effect, competitive proposals received and one of the same was accepted. A contract was thereupon entered into, performed and paid for, the final resolution having been adopted on the 6th of June, 1893.

In 1900 the common council took action to regulate, grade, pave and otherwise improve Archer avenue. A contract for the improvement was entered into, the contractor performed the work and the city paid for it. There was a conflict in the evidence as to the extent of the change of grade, and it was admitted by the defendant upon the trial that it did not comply with section 187 of the city charter in altering the grade of the avenue.

The plaintiff built a house in 1895 to conform to the grade of the street as established in 1892, and the effect of the alteration of grade in 1900 was such that he was obliged to raise his house and fill in his lot so as to conform to the new grade. The lowest estimate of any witness as to the expense of doing this work was $600, which is the amount of the verdict in his favor.

The alteration of grade was effected in connection with the

paving of the street with macadam, the construction of gutters and the setting of curbs, for which an assessment was made upon the property of the plaintiff. He did not seek to set this assessment aside, but asked to recover the damages caused to his premises by the change of grade.

As we read the defendant's charter, there cannot be an alteration of the grade of a street within the city limits, after the grade thereof has once been duly established and the abutting owners have built with reference thereto, without compensating them for the damages caused by the alteration. If the defendant had proceeded regularly to alter the grade pursuant to the requirements of its charter, it would have been obliged to cause such damages to be assessed and paid. As it proceeded irregularly, the plaintiff lost no right by its failure to obey its charter, but could maintain an action at law to recover the damages. While the charter does not in express terms make provision to this effect, we think that by authorizing the grade to be established and then providing a method for thereafter altering the grade and providing the procedure, the method so provided was exclusive, and that the defendant could not lawfully change the grade without conforming thereto. Otherwise, the provisions of section 187 with reference to compensation, might be evaded by the common council, for if they could lawfully alter the grade without complying with that section, they could alter it without paying damages. This would violate the theory of the charter with reference to the subject, which enables the city to establish the grade of a street without the payment of damages, but does not permit it to alter an established grade without paying damages to abutting owners who have built in conformity thereto. This construction seems to be in accordance with the views of the learned counsel for the appellant, as he says in his brief, referring to said section: "It clearly provides for the payment of damages where buildings or other structures have been erected with reference to an established grade, and will be damaged by reason of the proposed alteration of said established grade."

We think that the case comes within the principle laid down in *Folmsbee* v. *City of Amsterdam* (142 N. Y. 118), where it was held that while, in the absence of a statute providing for compensation, an abutting owner, whose land is injured by the change of grade of a street lawfully made, is without remedy, where the title of such owner extends to the center of the street, if the municipality illegally and wrongfully excavates or otherwise interferes with the street, it is liable to him for the damages.

The language of Judge EARL in that case is equally applicable to the case before us; "But the claim is further 'made on behalf of the defendant that the plaintiff's only remedy for damages caused to him by the change of grade was that given by the section, to wit, the appraisal of the damages and the award of compensation by three commissioners. But the remedy there provided can be invoked only in the case of the lawful change in the grade of the street. Where the change is utterly illegal and void there is no authority for the appointment of commissioners, and such commissioners, if appointed, would have no jurisdiction to determine and award the compensation. Hence, the only remedy of the plaintiff was by action to recover his damages."

We recently had occasion to consider section 187, and, after stating that, in the case then before us, " there was no proof that any grade had been previously established," we declared that " the obvious purpose of that section was to permit the alteration or change of the general grade of a street which had been previously established, where buildings or other structures had been erected with reference to such grade. In other words, the chief object of that section was to authorize the change of an established grade and provide a method of indemnity to persons whose buildings or structures were injured by such general alteration or change. But it has no application where, as a mere incident of an improvement or construction of a street, the leveling of its surface or bringing it to a proper grade is required." (*Farrington* v. *City of Mount Vernon*, 166 N. Y. 233, 237.)

The defendant insists that there was no change of an established grade, but, as the Appellate Division has unanimously affirmed the judgment entered on the verdict, we cannot read the evidence in order to see whether it was sufficient to authorize the jury to find, in accordance with the allegations of the complaint, that the grade of the street was established in 1892; that the plaintiff built a house and graded his lot in conformity thereto in 1895; that a material alteration of the grade was made in 1900 without compliance with the provisions of the charter, and that the plaintiff sustained damages to the amount of the verdict in consequence thereof. The main questions relied upon by the appellant rest on the proposition that the verdict is against the weight of evidence or is without any evidence whatever to support it, and hence are not before us. The Appellate Division, by affirming without dissent, has taken those questions away from us as permitted by the Constitution. (*Archer* v. *City of Mount Vernon*, 63 App. Div. 286; 171 N. Y. 639.) The defendant did not raise the question, by any exception that we can consider, whether the alteration of grade was incidental to an improvement or merely for the purpose of bringing the avenue to the grade of 1892, and the facts conclusively established by the action of the courts below limit our power of review to exceptions relating to the evidence and the charge of the court.

The most of the exceptions to the charge relate to requests for instructions upon the facts or as to the effect of the evidence, which we cannot consider owing to the unanimous affirmance. To many requests not charged by the court no exception was taken, and the only question properly before us that requires further discussion, is the rule of damages laid down by the trial judge. Upon this subject, in the body of his charge, the court instructed the jury that they should " not take into consideration at all any supposed benefits by reason of the change of grade of the street." To this the defendant excepted, and it also excepted to the refusal to charge " that it is necessary for this plaintiff to show that he has sustained damages which exceed all benefits received by him." While the learned

counsel for the appellant argues that these rulings constitute reversible error, he cites no authority to support the position.

There was no evidence tending to show that the plaintiff derived any benefit merely from the alteration of grade. If there were benefits, however, they did not affect the property of the plaintiff, as it must be presumed, in the absence of evidence, any more than they affected all other property owners upon the street, even where there was no change of grade and consequently no damage from that cause. The benefits were owing to the paving of the street, which was a legal act, and not to the alteration of grade, which was an illegal act. The plaintiff has been assessed for these benefits the same as the other property owners, and they are not the proper subject of offset against his damages sustained by the wrongful alteration of grade. If the grade had been changed pursuant to the provisions of section 187, the plaintiff would have been entitled to his damages without any deduction on account of the benefits derived from paving. If the defendant had proceeded legally, the commissioners appointed to estimate and assess the damages could not have considered any benefit arising from the paving under the provisions of the defendant's charter. The plaintiff after paying for the benefits according to the assessment therefor, should not have them deducted from his damages, and thus be compelled to pay for them twice.

We find no error, duly raised by a proper exception, that requires a reversal, and the judgment should, therefore, be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.