(68 Misc. Rep. 514.)

### In re BRADLEY.

(Supreme Court, Special Term, Washington County. August, 1910.)

MUNICIPAL CORPORATIONS (§ 396*)—CHANGE OF GRADE—COMPENSATION—SETTING OFF BENEFITS.

In a proceeding to appraise damages for the change of grade of a village street, under Village Law (Consol. Laws, c. 64) § 159, benefits by the paving of the newly graded street cannot be offset against the damages done by the regrading.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 949–951; Dec. Dig. § 396.*]

Application of Mary H. Bradley for appointment of commissioners to determine damages to property on change of grade. On motion to confirm report of commissioners. Motion denied.

Petitioner was the owner of four pieces of property situate upon Broadway street in the village of Ft. Edward. On one side of the street the grade of the roadway had been lowered an average distance of eight inches and on the other side of the street or roadway it had been raised an average distance of four inches. Commissioners appointed to determine the damage awarded $1,040 to petitioner. The sidewalk on each side of the street in front of the property of the petitioner had not been changed or lowered to conform to

the new street grade. Evidence was received by the commissioners, under the objection and exception of the village, tending to show that the property had depreciated in value, because, if the sidewalk was lowered, steps would be necessary to get into the building, and that the cost of conforming the buildings to the new grade and building new walks was a certain amount of money. The commission also refused to find that the property had been benefited by the paving of the street.

Bratt & Van Wormer, for petitioner.
Wyman S. Bascom, for Village of Ft. Edward.

H. T. KELLOGG, J. Benefits conferred by the paving of the newly graded street were not properly an offset to the injuries done by the regrading. Fuller v. City of Mt. Vernon, 171 N. Y. 247, 63 N. E. 964. The case of Newman v. Metropolitan El. R. R. Co., 118 N. Y. 618, 23 N. E. 901, 7 L. R. A. 289, does not conflict with the rule stated. In that case the benefits for which deduction was ordered were received directly from the erection of the structure complained of. They were not benefits paid for in taxes by the abutting owner. In this case, as in the Fuller Case, the regrading did not create the benefit, but the paving done thereafter, and for such paving the abutting owner would otherwise make payment in taxes. The commissioners were, therefore, correct in not offsetting such benefits.

The injuries to the petitioner, concerning which testimony was given, related to the construction by the petitioner of steps from her buildings to an anticipated lower grade of the sidewalk passing the same. A new grade has not yet been established for the sidewalk, and may never be. It must be assumed that the commissioners based their conclusions upon the testimony so given, or otherwise there was no support for the damages awarded.

The report of the commissioners is vacated, and the matter referred to new commissioners to be appointed.

Motion denied.