In the Matter of the Claim of JOHN LAVIGNE and Another, Respondents, against THE VILLAGE OF ALEXANDRIA BAY, Appellant, for Damages Caused by the Change in Grade of Bolton-McCue Avenue in the Said Village of Alexandria Bay.

Fourth Department, March 15, 1933.

*Wiltse & DeYoung* [*John H. O'Brien* of counsel], for the appellant.

*T. Arthur Hendricks*, for the respondents.

CROSBY, J.  Some years ago plaintiffs purchased a plot of land located in the defendant village and situated on two sides of a street that runs along a side hill.  They paid $3,500 for the land, and later sold the portion thereof located on the upper side of the street for $3,500.  Thereafter the defendant village raised the grade of the street as an incident to paving the same, and plaintiffs have received an award of $2,651 and interest, in all $3,188, for damages to the land on the lower side of the street growing out of the change of grade.  From an order confirming the award of commissioners in condemnation proceedings (Village Law, § 159) this appeal is taken.

The land in question measures 800 feet along the street, and on the trial it was treated as sixteen village lots, although there is no proof in the record that it had actually been surveyed and divided into lots.

Plaintiffs produced four disinterested witnesses to state an opinion as to their damage.  One (Thomson) stated that there was no damage, that the lots were worth as much after as before the improvement to the street.  Another (Fitzsimmons) stated that it would require 5,000 or 6,000 cubic yards of gravel at $1.50 per yard to fill the lots up to the present level of the street.  Another witness (Henry Hunt) stated that each lot was worth $500 before the change of grade, and $100 thereafter.  How this witness arrives as the result is somewhat obscure, for he further testified that it would cost $1,000 to fill one lot.  The fourth witness (Slate) stated that the lots were worth $500 each before the change of grade but would give no judgment on their value thereafter.

Defendant produced five disinterested witnesses (except for their interest as taxpayers) who stated that the lots in question were worth more after the change in grade than they were worth before.  These witnesses disposed of the alleged damage due to the necessity of filling the lots with dirt to raise them to a grade with the street, by showing that the sewer along this street (installed in 1910) is only two feet eleven inches below the surface of the lots, and that a house has to be constructed with its cellar bottom at least one foot above the top of the sewer, and that cellars are never less than seven feet deep.  It is also undisputed that lots are always

graded to within one and one-half feet of the top of the cellar wall. It follows, without contradiction, that the lots in question would have to be filled three and one-half feet in order to build a house in proper relation to the sewer. As the grade was nowhere raised to the extent of three and one-half feet, it is argued that no damage was caused to owners by making necessary more fill than the lots required in the first place.

This argument is persuasive. However, the rule is well settled that the court cannot substitute its judgment of values in place of that of commissioners who have had the advantage of a view of the premises. No citation of authority is necessary for that proposition. But when the commissioners have adopted some erroneous legal theory of damage, as shown by their own report, then it is the duty of the court to interfere.

Section 159 of the Village Law provides, in substance, that when damages are sought on account of a change of grade, " the commissioners in fixing their award must [read " may " prior to 1901] make an allowance for benefits, if any, derived by the claimant from such improvement." The commissioners show, by their report, that they declined to give effect to this provision of the law. They said: " The paving of the street cannot be considered as a benefit," citing *Fuller* v. *City of Mount Vernon* (171 N. Y. 247) and *Matter of Bradley* (68 Misc. 515).

The *Fuller* case differs from the instant case in three respects, viz.: (1) It was decided under a law that did not provide that benefits must be offset against damage; (2) in that case the change of grade was absolutely illegal, so that such change could not be considered as an incident of the paving improvement; and (3) in that case the property owner was assessed for the entire cost of the pavement anyway, so that, had his benefit been offset against his damage, he would, in effect, have paid for the pavement twice. In the *Bradley* case, too, the property owner was assessed for the full cost of the pavement, for which he would have had to pay twice had the benefit derived therefrom been employed to lessen his damage.

In the instant case, (1) we have the statute commanding that benefits must be offset against damage, and (2) the change of grade was entirely legal, and was only incident to, and part and parcel of, the paving improvement, and (3) the cost of the pavement was assessed, not against the abutting property owner, but against the whole village.

The award, which seems large, was arrived at without obedience to the plain mandate of the statute (Village Law, § 159), and the order confirming the same must be reversed, on the law and the

matter remitted to the commissioners for further action in accordance with this opinion, with costs to the appellant to abide the event.

All concur.

Final order reversed on the law and matter remitted to the same commissioners to proceed in accordance with the opinion, with costs to the appellant to abide the event.