In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title to Houghton Avenue.

In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title to Olmstead Avenue.

In the Matter of the Petition of CHARLES A. LENT and Others, Appellants, and in the Matter of the Counter Petition of NASSAU BEEKMAN INVESTING Co., INC., Respondent, for an Order Directing the Comptroller of the City of New York to Pay the Awards Made Herein for Damage Parcels Nos. 116 and 116-B and for Damage Parcels Nos. 121 and 121-A.

First Department, December 8, 1933.

*Merle I. St. John,* for the appellants.

*Hiram S. Gans* of counsel [*Joseph Gans* with him on the brief; *Joseph Gans,* attorney], for the respondent.

MARTIN, J. The petitioners herein prior to 1912 owned the fee in the whole plot of land situated on the southeast corner of

Olmstead and Quimby avenues, which, prior to 1912, bore the tax designation " Old Plot 66 Unionport."

The city of New York in 1912, in a condemnation proceeding for the widening of Olmstead avenue, took from the said plot a strip fifteen feet wide bordering on Olmstead avenue, and in another proceeding for the widening of Houghton avenue, brought simultaneously with the Olmstead avenue proceeding, took five feet on Quimby avenue, which latter avenue when widened was renamed Houghton avenue, and that is the title of the condemnation proceeding here under consideration.

In the condemnation proceeding the damage parcels were designated Nos. 121 and 121-A in the Olmstead avenue proceeding and Nos. 116 and 116-B in the Houghton avenue proceeding. Awards were made for all four parcels taken.

After the title vested in the city in both proceedings, a tax lien for taxes and assessments from 1869 to 1911 on *Old Plot 66 Unionport* was sold to one Tillie Ritter, who thereafter assigned same to the *Nassau Beekman Investing Company*. After title to the two strips taken in the condemnation proceedings had vested in the city, the remaining area was redesignated as lot No. 5 of block 3687 on the land map of the county of Bronx, and a subsequent lien for the unpaid taxes and assessments from 1912 to 1926 on lot No. 5 was sold in May, 1926, to the Glebe Realty Corporation.

The Glebe Realty Corporation foreclosed its tax lien. Lot No. 5 was sold under a foreclosure and a sum was realized which was insufficient to pay the lien of the Glebe Realty Corporation, leaving a deficiency.

The above is a concise statement of the status of the matter when this proceeding was commenced.

The petitioners as owners of the fee make this application for an order directing the comptroller to pay to them the awards for damage parcels 121, 121-A, 116 and 116-B. They state in their brief: " Nor do we dispute the fact that when land is taken, the award remains subject to all taxes to which the part of the land taken was subject until the taxes are otherwise paid; and that these awards were subject to their *pro rata* share of all taxes levied prior to 1912." That proposition is supported by several authorities. (*Carpenter* v. *City of New York*, 44 App. Div. 230; 51 id. 584; *Deering* v. *City of New York*, Id. 402.)

The Nassau Beekman Investing Company opposed the application, asserting an adverse claim to the awards by reason of an equitable lien thereon for the tax lien above mentioned.

It is the contention of the petitioners that upon the acquisition of the title by the city, title vested in the two strips free and clear of all liens and incumbrances, and that the holders of liens on the property had recourse only to the remaining property. (*Matter of Seventh Avenue*, 59 App. Div. 175.)

The court at Special Term held that the rule asserted by the petitioners was correct, but goes further and reserves to the holders of the alleged lien an equitable lien upon the award in the event that the sale of the remaining property realizes a sum insufficient to satisfy the amount of the lien, in which event the holder of the lien would have recourse to the award for such deficiency; that except for the lien of the Glebe Realty Corporation, the Nassau Beekman Investing Company would have been required to foreclose its lien on the remaining property and seek to make up any deficiency from the awards; that by the foreclosure of the Glebe Realty Corporation lien the Nassau Beekman Investing Company was foreclosed of any right of recourse to the remaining land.

It is admitted that the petitioners owned the land in 1912. Although they had not paid taxes for many years, no tax lien had been sold up to that date. The city having taken a part of the land in condemnation, the awards, less taxes, then became the property of the fee owners.

The fact that the city thereafter sold a tax lien on the whole plot, although it owned a part of the plot, and had the right to sell the tax lien only on the portion that remained after the condemnation proceeding, does not change the result. This litigation arises out of the fact that the tax lien sold to Tillie Ritter covered too large a plot and that she sold or assigned the same tax lien to the Nassau Beekman Investing Company. A tax lien for subsequent taxes on the part of the plot not taken by the city of New York was sold to the Glebe Realty Corporation. That corporation foreclosed and in the foreclosure proceeding made the Nassau Beekman Company a party, thereby extinguishing any lien that it had on the plot of land not taken by the city.

It seems clear that the awards made by the city for the land taken, less all amounts due for taxes on the portion taken, belong to the owner of the fee when title vested in the city of New York.

The order should be reversed and a new reference ordered before an official referee, with costs to the appellants to abide the event.

Finch, P. J., O'Malley, Townley and Glennon, JJ., concur.

Order reversed and a new reference ordered before an official referee, with costs to the appellants to abide the event. Settle order on notice.