Guy E. Hawley, Individually, and Guy E. Hawley and Another, Executors, etc., of Adelbert Hawley, Deceased, Plaintiffs, *v.* The Village of Elmira Heights, Defendant.

Supreme Court, Special Term, Chemung County, January 15, 1937.

*Mandeville, Waxman, Buck, Teeter & Harpending* [*Fred H. Jeffers* of counsel], for the plaintiffs.

*Phillips & Garey* [*Walter C. Garey* of counsel], for the defendant.

PERSONIUS, J. The plaintiffs seek to recover damage to their property caused by the change of the grade of the adjacent street, in connection with the reconstruction of said street by the State of New York, in building a State highway. (Village Law, § 159, subd. 2.) The commissioners viewed the premises, took testimony and found: (1) That the damage to the plaintiffs' property *by reason of the change of grade* was $750; and (2) that the value of the benefits and advantages to the property in consequence of the construction of a new and improved three-way *concrete* lane *highway* in front of the premises was $250; and (3) that the net damage to the plaintiffs' property was $500.

The plaintiffs urge that the award was inadequate. The commissioners viewed the premises and under the authorities we should not interfere. "An award will not be set aside as excessive or inadequate unless it is obviously and clearly wrong, or unless it is such as to shock the sense of justice of the court." (*Matter of City of Rochester*, 234 App. Div. 583, 585; *Adirondack Power & Light Corp.* v. *Evans*, 226 id. 490, 493; *Cornish* v. *Village of South Nyack*, 136 N. Y. Supp. 390.) In those cases, as here, the testimony of the experts differed widely but as there said their evidence was not binding but only advisory.

An award may be set aside where "it appears that the commission adopted an erroneous principle in fixing the damages awarded to the owner." (*Matter of City of Rochester, supra*, 587.)

The commission has deducted from the total damage $250 for benefits due to the construction of the concrete or *paved* highway

in front thereof. *Whatever benefit arose therefrom is shared by the adjacent owners.* This highway extended some distance north and south of the plaintiffs' premises. It extended practically through the village. It requires no argument to show that all adjacent owners were benefited eqully with the plaintiffs. The authorities draw a distinction between benefits due to the *paving* of a street and benefits or damage due to a *change of grade.* (*Fuller* v. *City of Mount Vernon*, 171 N. Y. 247; *Matter of Bradley*, 68 Misc. 514.) True, these cases did not arise under section 159 of the Village Law, as does the present one, but the same principle would seem to apply. The paving of a street necessarily benefits all parties on the street. If there be high points and low points in the street, the changing of the grade may be a benefit to some, a damage to some, and neither to others. The distinction, therefore, seems reasonable. Those who are not damaged received the benefit of the pavement without costs, except as they bear the expense with the public generally. If those who are damaged by the change of grade must have the benefit which they received from the pavement deducted from their damage, they are, unlike their neighbors, paying in full for the benefit, in addition to their contribution as one of the public. " But it has been held that to render a benefit special (and, therefore, deductible) * * * the different tracts must occupy a peculiar situation with reference to the improvement; if the benefit attaches to all the lands in the neighborhood without regard to their situation with reference to the improvement, it is general and cannot be deducted." (20 C. J. 285; *Fuller* v. *City of Mount Vernon*, 171 N. Y. 247, 255; *Matter of Bradley*, 68 Misc. 515; *Matter of City of New York*, 190 N. Y. 350, 361, 362.) The *Fuller* case arose under the charter which differed little from the Village Law. At page 252 the court said: " As we read the defendant's charter, there cannot be an alteration of the grade of a street within the city limits, after the grade thereof has once been duly established and the abutting owners have built with reference thereto, without conpensating them for the damages caused by the alteration." (In passing, the grade of the street in question had been fixed and improvements made in view thereof.) There may have been no express provision in the charter for deductions for benefits, but the only provision in the Village Law, section 159, subdivision 2, is for deduction for benefits in consequence of " alteration of the grade."

Damages resulting from a change of grade in a street can only be allowed when authorized by statute. Said section 159 provides for such damages (Subd. 1) where the change is made by the village itself, and subdivision 2, where the change is made by other authority. In the first instance, the commissioners must make an

allowance for benefits, if any, derived by the claimant from such *improvement* as a whole. In the second instance, it is made the duty of the commissioners to take into consideration only benefits or advantages in consequence of the *alteration of the grade.* The Legislature apparently intended that when the village at its own expense changed a grade in connection with the improvement of a street, all the benefits of the " improvement," including the pavement, should be considered; but that when the improvement was at the expense of some authority other than the village, the benefit from changing the grade which might not be the same as to all adjacent owners should be considered, but *not* the benefit from the paving which would be the same as to all adjacent owners. Here the only benefit was from the paving. It should not, therefore, have been deducted from the damage resulting from the change of grade.

Defendants cite *Matter of Lavigne* v. *Village of Alexandria Bay* (238 App. Div. 22). In that case the village made the alteration. It, therefore, came within subdivision 1 of section 159 of the Village Law which provides that the commission must make an allowance for all benefits from the " improvement." The court distinguished the *Fuller* and *Bradley* cases but nowhere mentioned — indeed there was no reason for mentioning — the difference between subdivisions 1 and 2 which provides for consideration of benefits in consequence of the " alteration of the grade " only.

' The amendment to subdivision 2 was not in effect when the change in question was made.

We think the deduction of the benefits found to have resulted from paving the street is inequitable and not authorized by the statute and that the plaintiffs were, therefore, entitled to an award for the full amount of the damage, viz., $750.

Section 15 of the Condemnation Law provides that the court may direct a rehearing before the same commissioners. This seems unnecessary as the commissioners have fixed the total damage. As the practice does not provide for a modification of the award by the court without a rehearing, the award will be set aside and a rehearing directed before the same commissioners unless the defendant within ten days after the service of a copy of the order stipulate to modify the award by increasing it to $750, file such stipulation in the office of the Chemung county clerk, and serve a copy thereof on the plaintiffs' attorneys, in which case the award as so modified will be confirmed. In the event that the defendant appeals from said order, the time within which it is required to so stipulate may be extended to and including ten days after the determination of the appeal and the entry of an order thereon.

Submit order accordingly, with ten dollars costs to the plaintiffs