ISADORE RAYMOND, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 31548.)

Court of Claims, July 19, 1955.

*Francis E. Maloney, William D. Johnson* and *William C. Trench* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Douglas L. Manley* of counsel), for defendant.

MAJOR, J. The claimant seeks to recover damages alleged to have been sustained by the taking of his easement of access to a public highway known as Thompson Road, by the trespass or informal taking thereof by the State in a 1950 highway project. The State admits the alteration of the highway, but maintains that it was only a change of grade which was within its right under a perpetual easement appropriated in 1943, from claimant's predecessor in title.

The pertinent legal question is, whether the State took any of claimant's property for its 1950 project which it did not take and pay for in its 1943 easement appropriation. If the State took additional property, the Constitution requires that compensation be made therefor.

A motion made by claimant, at the close of his case, to amend the claim to conform with the proof was granted without opposition.

On or about October 30, 1943, appropriation proceedings were commenced by the State for the taking of " a perpetual easement for the purpose of constructing, reconstructing and maintaining thereon a highway in and to all that piece or parcel of property hereinafter designated as Parcel No. 1, situate in the town of Dewitt, County of Onondaga, State of New York, for the construction of U. S. Air Corps Base Access Road as shown on the accompanying map and described as follows ", pursuant to chapter 423 of the Laws of 1942. This easement was taken for the widening of Thompson Road, then designated as County Road No. 13. The property in question was owned by and proceedings were taken against the Syracuse Land Development Co., Inc., the owners in fee.

The description, map and detailed contract plans of this project were filed in the office of the Department of Public Works and a copy thereof was filed in the Onondaga County Clerk's office on May 15, 1943, containing several sheets, of which sheet number four (4), showed the grade and profile of the proposed construction. No amendments or changes were made on the maps or documents on file, and this project was completed and the road widened in accordance therewith.

Appropriation papers, supplemental detailed and explanatory documents and maps filed in the Onondaga County Clerk's office are a cloud on the title, are included within the recording laws, constitute notice of the property appropriated, and define the limitations and extent thereof. (*Auslander* v. *Strain*, 101 N. Y. S. 2d 831; *Dawson* v. *Western Md. R. Co.*, 107 Md. 70.)

Two agreements were entered into by the State with the then owner, Syracuse Land Development Co., Inc., — one was entitled " Agreement in reference to property acquired pursuant to Chapter 423 of the Laws of 1942 "; and the other entitled " Release of Owner". Neither the agreement nor the release was recorded in the Onondaga County Clerk's Office as notice to subsequent purchasers, but both documents definitely limited the stipulations, agreements and releases therein contained

to the easement set forth on the maps which had been previously filed, by reference and specific statements.

Both contained the clause " but only for the same purposes or to the same extent described in the said description and map". By such agreement and release, the Syracuse Land Development Co., Inc., was paid the sum of $3,300 for approximately 900 feet frontage on Thompson Road in one of the high-price industrial areas. At the time of this settlement, there were, and still are, two substantial buildings on the property fronting on Thompson Road. The premises were used as a truck depot and for various other purposes. At that time, Thompson Road was practically level and substantially at grade to the premises. All the plans prepared and filed by the Superintendent of Public Works indicated that the road in front of claimant's premises would be at about the same grade as of the time of filing. After completion, it was substantially level in front of the buildings on the premises and at about the same grade as prior thereto, all of which is indicated by exhibit No. 4.

Eminent domain procedure must be strictly followed. (*Schneider* v. *City of Rochester,* 160 N. Y. 165, 172.) There must be no uncertainty in the description of the property to be taken nor in the degree of interest to be acquired. (*Matter of Water Comrs. of Amsterdam,* 96 N. Y. 351, 361.) The only property that can be lawfully taken is the precise property designated in the appropriation papers. (*People ex rel. Johnson* v. *President & Bd. of Trustees of Vil. of Whitney's Point,* 102 N. Y. 81, 86; *People ex rel. Eckerson* v. *Board of Trustees of the Vil. of Haverstraw,* 137 N. Y. 88; *Hayden* v. *State of New York,* 132 N. Y. 533.)

In the event of uncertainty, indefiniteness or ambiguity, a construction must be adopted which leaves the owner with the greatest possible estate (*Mott* v. *Eno,* 181 N. Y. 346) and every right or interest not included in the public easement remains in the owner of the fee. (*Thompson* v. *Orange & Rockland Elec. Co.,* 254 N. Y. 366; *Jackson* v. *Hathaway,* 15 Johns. 447.) An appropriation proceeding when carried to a conclusion favorable to the claimant, operates as a purchase of the easement or the interest acquired for the sum fixed by the court or settled by lawful agreement. (*Vandermulen* v. *Vandermulen,* 108 N. Y. 195, 202); and the courts will look at the circumstances existing when the proceedings commenced, the situation of the parties, and the subject matter of the documents involved. (*French* v. *Carhart,* 1 N. Y. 96; *Onthank* v. *Lakeshore & Michi-*

*gan So. R. R. Co.,* 71 N. Y. 194; *Winslow* v. *City of Vallejo,* 148 Cal. 723, 725.) The intention should be determined from the various instruments in connection with the acts of the parties. (*Wilson* v. *Ford,* 209 N. Y. 186; *Mott* v. *Eno, supra.*)

The court finds that all the State acquired by the 1943 appropriation was a perpetual easement over the lands of the Syracuse Land Development Co., Inc., as set forth in the description and appropriation map, at the elevation and grade as shown on the profile on sheet number 4 of the contract drawings, and as finally established by the completed road. When the character or extent of an easement is once fixed, no material alterations can be made in physical conditions, except by agreement. (*Herman* v. *Roberts,* 119 N. Y. 37.)

By deed dated December 15, 1948, recorded in the Onondaga County Clerk's Office on December 16, 1948, the claimant herein became the owner of a portion of the property formerly owned by the Syracuse Land Development Co., Inc., and was the owner thereof at the time of the 1950 alteration.

Awards are payable to owner of property at time of taking, and in the absence of an agreement to the contrary, an appropriation claim does not pass with a subsequent transfer of title. (*Matter of City of New York* [*Houghton Ave.*], 239 App. Div. 480; *Hendry* v. *Title Guar. & Trust Co.,* 165 Misc. 349; *Matter of Title Guar. & Trust Co.,* 242 App. Div. 80; *Reife* v. *Osmers,* 252 N. Y. 320; *Matter of City of New York* [*Rochester Avenue*], 241 App. Div. 614; *Bacorn* v. *State of New York,* 195 Misc. 917; *Matter of Van Etten* v. *City of New York,* 226 N. Y. 483, 489; *Matter of City of New York* [*Carver Houses*], 114 N. Y. S. 2d 707.)

The court accompanied by the attorneys for the respective parties, viewed the property of claimant and the general vicinity. The premises are not within the legal bounds of a city or village. They are located on the easterly side of Thompson Road about 365 feet north of the intersection of the center lines of Thompson Road and James Street, in the town of DeWitt, just outside of the city of Syracuse, between the easterly city line and the westerly line of the village of East Syracuse, in an industrial area which is definitely urban in character. The community has grown rapidly and the property in the area is in a high-price bracket. The property is generally level, with sewers, water and electricity, and consists of about 3.61 acres with about a 216-foot frontage on Thompson Road. The improvements on the land consist of two large one-story, well-constructed

buildings, of brick, concrete and steel construction, in good state of repair. One building is about 90′ x 260′, and the other is about 60′ x 340′.

The deed to the claimant conveyed to the center of Thompson Road by transfer of " all right, title and interest of and in to Thompson Road in front of or adjoining said premises to the center thereof". The court finds that the conveyance to the claimant included the fee to the center of Thompson Road, subject only to the perpetual easement of the State as it existed at that time.

Just east of the intersection of Thompson Road and James Street, the New York Central Railroad Company tracks extend under a highway bridge or viaduct. In 1950, about two years after claimant purchased this property, the State raised the level of the road over the viaduct and altered Thompson Road, one of the approaches to James Street and the bridge, by changing its elevation along the front of claimant's property, thereby making it possible to have a gradual approach to the viaduct or bridge. Thompson Road, adjacent to claimant's property, was changed from the established substantial level at grade, by the construction of an embankment and elevation of the road to a height of nine feet on claimant's southerly boundary, eight and four-tenths feet at a point thirty feet north, and gradually descending on a 5% grade to level near claimant's north line.

It is a well-established rule of common law that damages sustained by an abutting owner on a highway by a change of grade were not recoverable. (*Story* v. *New York Elevated R. R. Co.*, 90 N. Y. 122.) The Legislature changed this law as it affects property within the bounds of cities and villages, but properties in towns are still under the common law. However, this rule of no compensation for change of grade in rural areas applies only when the change of grade is legal. (*Folmsbee* v. *City of Amsterdam*, 142 N. Y. 118; *Fuller* v. *City of Mount Vernon*, 171 N. Y. 247; *Friel* v. *City of New York*, 150 App. Div. 317, affd. 208 N. Y. 555.) Where the State changes the grade of the highway and usurps more land, rights, privileges or interest therein than those it has previously acquired, then it is liable to the owner and must make compensation therefor.

The 1950 project above referred to exceeded the rights of the State which it acquired and paid for by the 1943 appropriation and, therefore, this claim does not come within the common-law rule pertaining to change of grade. It is a further and

additional easement and appropriation of claimant's property, fixed and determined as of the date of the completion of the project.

The unlawful taking and use of claimant's property was at the commencement thereof a trespass, but by the nature and permanency thereof, it ripened into an appropriation. The filing of maps and the taking of other legal procedures by the State are unnecessary to enable the filing of a claim for appropriation of property. (*Rizzo* v. *State of New York,* 202 Misc. 439.) Damages accrue when change is actually made (*Hollman* v. *State of New York,* 171 Misc. 768). This project was completed and the final approval was given. This claim was properly and timely filed.

The best use for claimant's property after the limited perpetual easement appropriation of 1943 and before the 1950 taking, was for industrial, truck depot and warehouse purposes. The service of a railroad siding was possible and feasible, and negotiations therefor had been carried on. However, the possibility of a spur track to land not adjoining the railroad is too remote to be considered. (*Matter of Grade Crossing Comrs. of City of Buffalo,* 207 N. Y. 52, 58; *Hatfield* v. *Straus,* 189 N. Y. 208.) After the State took the additional easement in 1950, along claimant's frontage, by increasing the elevation of the road, the feasibility of a railroad siding was eliminated and the use thereof for a truck depot greatly lessened. The practicability and conveniences of the premises were substantially and drastically impaired in competition with similar properties.

The following is a description of the property taken, viz.: An additional perpetual easement for the purpose of constructing, reconstructing and maintaining a highway to the extent said easement was fixed and determined on the date of the completion of the 1950 project which is in excess of the 1943 appropriation, in and to all that piece or parcel of property a part of which was designated as Parcel No. 1 on appropriation Map No. 1, dated January 27, 1943, for the construction of U. S. Air Corps Base Access Road, known as Thompson Road, situate and being part of Military Lot No. 30 in the town of DeWitt, County of Onondaga, State of New York, and described as follows: Beginning at a point in the east line of Thompson Road as widened in 1943, 356.2 feet northerly from the north line of James Street, measured at right angles thereto; thence northerly along the easterly line of Thompson Road as widened, to the north line of premises described in deed from Sheldon H. Hamilton to Isadore Raymond, dated December 15, 1948, and recorded

in Onondaga County Clerk's Office on December 16, 1948, in book 1364 of deeds at page 473 etc.; thence westerly on the extension of Raymond's north line to the easterly boundary of the existing county road before widening in 1943, and westerly line of the land described in the appropriation map hereinabove referred to; thence southerly along the westerly line of the land described on the appropriation map hereinabove referred to, to a point which will be intersected by the extension of the southerly line of the premises described in the deed to Isadore Raymond hereinabove described; thence easterly to the place of beginning.

In the absence of formal procedure in the taking of the additional easement, the time of the actual entry and the making of the change is the date from which interest should be computed; however, this date does not appear in the testimony and interest is, therefore, allowed from the date of filing of the claim, namely October 31, 1952.

The value of claimant's premises before the 1950 taking was $225,000. The value of claimant's premises after this appropriation was $210,000. The claimant is, therefore, entitled to an award in the sum of $15,000 for the additional easement and for all consequential damages resulting from such appropriation, with interest thereon from October 31, 1952.

The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.