**S. S. ELAM, Appellant,**

v.

**B. J. ELAM et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 6, 1959.

Rehearing Denied May 1, 1959.

Jesse K. Lewis, Lexington, for appellant.

Nickell & Walter, West Liberty, for appellees.

WADDILL, Commissioner.

The question presented on this appeal concerns the right of the owners of an easement of way to make improvements or repairs of a right of passage.

On April 1, 1939, appellees, Elam, conveyed to appellant, S. S. Elam, a tract of land on which the Elam family cemetery was located. The deed contained this reservation:

"There is excepted from this tract one cemetery 35 yards by 35 yards, with L. C. Elam's grave in the center of same; also another lot 35 yards by 35 yards southeast and adjoining this cemetery, to be fenced and used whenever needed for burial purposes; also a right of way from the gate at the tobacco barn to the grave yard or cemetery for necessary purposes of ingress and egress to the cemetery."

On September 13, 1958, appellant, S. S. Elam, filed complaint against appellees, Elam, and Glenn Oldfield, who presumably is a contractor, in which it was averred that Glenn Oldfield entered on the land with heavy equipment and constructed a highway across the center of the farm, that the contour of the land was changed and the roadway was a permanent interference with the use of the land. A mandatory injunction directing restoration was asked.

Also, on September 13, 1958, six of the Elams who had obtained the right of way under the deed above partially quoted, filed complaint against appellant, S. S. Elam, by

which they sought to have established on the ground's surface the easement reservation contained in the deed. It was stated that the roadway had been constructed along the same course that had been used for many years for the purpose of hauling bodies to the cemetery on sleds, wagons, and jeeps and was along the most direct route which could be used by automobiles and motor vehicles. It was asked that the roadway described be established as the right of way granted in the deed. Various other pleadings and amendments were filed which deal, for the most part, with technical aspects of the controversy.

The two actions were consolidated and the parties filed motion for summary judgment.

In an opinion and order, the trial court held that:

" * * * the said plaintiffs caused to be constructed a roadway along and over the route which has been commonly used prior to the time of building the road for the purpose of hauling bodies to said cemetery on sleds, wagons and jeeps, and that said route was the most direct route to the cemetery which could be used by automobiles and other vehicles; and it is the opinion of the court that at the time said reservation was made that automobiles were in common use as a means of conveyance to and from a cemetery and also an ordinary and usual means of going to and from cemeteries for the purpose of burial and visiting cemeteries and that the said plaintiffs had the right to construct a roadway along said route for the purpose of traveling to and from said cemetery in automobiles and other conveyances, so long as they did so in a manner to be as little burdensome as possible to the defendant or the owner of the servient estate, and the question to be determined upon trial is whether or not the roadway was reasonable and as little burdensome as possible to the servient estate.

"The plea of limitations as set out in the answer of the defendant, does not entitle the defendant to a summary judgment and will rest upon the facts of the case."

Thereafter the parties stipulated:

"1. At the time the road mentioned in the pleadings was constructed, there was no roadway over the land in question to the cemetery over which motor vehicles, such as automobiles, trucks and hearses could travel.

"2. The only question involved herein is the legal right of the grantors in the deed involved herein to construct a roadway over the tract of land conveyed to S. S. Elam under the provisions of the reservation in said deed as referred to in the pleadings herein.

"3. All other questions and issues presented by the pleadings are waived."

Judgment was entered which dismissed appellant's complaint and established the right of way by specific description.

Appellant contends that under the reservation contained in the deed, the only right appellees had obtained was the right to pass over the land in question for the purpose of ingress and egress to the cemetery and they did not have the right to place a permanent structure on it in the nature of a roadway.

We are handicapped in the consideration of this case by the fact that no evidence or affidavits were produced which defined the nature of the construction which had been made of the roadway. Several photographs were filed with appellant's complaint but these were not introduced as evidence or otherwise verified as representing the true condition of the road. These pictures indicated that the road had been graded and, at certain places, the contour of the land had been changed in that the land over which the road lay had been made level by cutting into the base of the hill. They also disclosed that the road had been ditched at various places along the route and that no paved surface had been placed on the road.

Appellant contends that in view of the fact that the parties by long use had interpreted the grant to mean that they had the right only to pass over the road without disturbing or altering its physical characteristics, no material alterations could properly be made in its physical characteristics as its character had been established. There are a number of cases which hold that an easement once established (particularly by prescription) cannot subsequently be enlarged by sudden change in its use. But that question is not here. Our question concerns whether it may be improved. A number of cases are cited by appellant in support of the contention that the easement may not be improved: Littlefield v. Hubbard, 120 Me. 226, 113 A. 304, 306; Raymond v. State, 208 Misc. 43, 143 N.Y.S.2d 354, 358; Herman v. Roberts, 119 N.Y. 37, 23 N.E. 442, 7 L.R.A. 226.

The Littlefield opinion contains this statement: "Whatever the defendant's right of passage over the way, if any, she had no right to build a concrete walk or otherwise disturb the soil upon the fee of the plaintiff. Burr v. Stevens, 90 Me. 500, 38 A. 547."

The foregoing case was concerned mainly with the location of a road strip which had been specifically granted and the above quoted statement is only to the effect that the defendant could not go on land not covered by the grant. Its meaning is particularly clear when the case relied upon by the court is read because there the parties were owners of adjoining lots of land, both on the highway. For the purpose of passing between his lot and the paved portion of the highway, the defendant constructed a driveway by making excavations and piling up rocks and refuse across the plaintiff's land, but outside the traveled portion of the highway. The court held that the defendant had no right to build the driveway upon the land of the plaintiff for his private use and convenience although it was within the limits of the public highway. It was noted that the public has no right in a highway except the right to pass and repass thereon.

The case of Raymond v. State of New York is improperly cited and we have been unable to locate it.

The facts presented in the case of Herman v. Roberts, 119 N.Y. 37, 23 N.E. 442, 7 L.R.A. 226, are quite different from those in the case presented here. There the plaintiff obtained his right of way by purchase and grant from the defendant "as now staked out" across defendant's land running from plaintiff's land to the public highway and was intended to give plaintiff access to the public road from his residence. The facts disclose that the defendant (the servient owner) had used this roadway for carrying produce and farming utensils along it, had cut up the road by heavy loads and had placed stones on it which obstructed the highway, to the injury of plaintiff. Defendant had threatened to use it whenever he deemed it necessary. The court held that the defendant should be restrained from such use. It is interesting to note that in this opinion the court stated:

"The conveyance of the right of way unquestionably gave the grantee, not only a right to an unobstructed passage at all times over the defendant's land, but also all such rights as were incident or necessary to the enjoyment of such right of passage. Bliss v. Greeley, 45 N.Y. 671; Maxwell v. McAtee, 9 B.Mon., Ky., 21. The grantee thus acquired the right to enter upon the land, and construct such a roadbed as he desired, and to keep the same in repair. He could break up the soil, level irregularities, fill up depressions, blast rocks, and not only remove impediments, but supply deficiencies, in order to constitute a good road. He had a right to exclude strangers from its use and to restrict such use of it by the owner of the servient tenement as was inconsistent with the enjoyment of his easement. The owner of the soil was under no obligation to repair the road, as that

duty belongs to the party for whose benefit it is constructed."

These cases do not support appellant's contention.

The rule which has been accepted by the courts of this country is stated in a note found in 112 A.L.R. 1303 and is as follows:

"It is a general rule that the owner of an easement of way may prepare, maintain, improve, or repair the way in a manner and to an extent reasonably calculated to promote the purposes for which it was created or acquired, causing neither an undue burden upon the servient estate, nor an unwarranted interference with the rights of common owners or the independent rights of others."

Ordinarily before the above rule could be applied, proof would be necessary in order to determine whether the road had been repaired or improved in a manner which did not cause an undue burden upon the servient estate; but appellant's position in this case, under the stipulation and pleadings, seems to be that the dominant owner has no right to disturb the terrain in any manner. It is unusual that this court has not passed on this question before. It may be that people generally have assumed that the owner of an easement has the right to make the passway suitable for use by customary forms of transportation. However, we have been cited no case and find few cases from any other jurisdiction which deal with this specific matter.

The clearest statement we have found is that in Walker v. E. William & Merrill C. Nutting, Inc., 302 Mass. 535, 20 N.E.2d 441, 445, where the rule is thus stated:

"The owner of a right of way has the right to enter upon the servient estate on which no actual way has been prepared and constructed and to make such changes therein as will reasonably adapt it to the purposes of a way, having due regard to

the rights of others who may have an interest in the way. Sullivan v. Donohoe, 287 Mass. 265, 191 N.E. 364; Guillet v. Livernois, [297] Mass. [337], 8 N.E.2d 921, 112 A.L.R. 1300 and cases cited. Mt. Holyoke Realty Corp. v. Holyoke Realty Corp., [298] Mass. [513], 11 N.E.2d 429."

We believe that the trial court under the pleadings and the stipulations filed correctly held that the owners of the dominant estate were within their rights in grading the road to the cemetery.

The judgment is affirmed.